Smithmeyer v. Hopkins.

---

No. 24,334.

F. H. SMITHMEYER, GEORGE KIRCHHOFF, and THE THEO. POEHLER MERCANTILE COMPANY, *Plaintiffs,* v. RICHARD J. HOPKINS, as Attorney-general, *Defendant.*

SYLLABUS BY THE COURT.

1. ANTITRUST INVESTIGATION—*Documents and Papers Produced in Response to Subpœna Duces Tecum Must Be Returned to Party Producing Them.* When in the course of an investigation concerning violations of the antitrust law, certain books, documents, letters, telegrams and papers are produced for the examination of the attorney-general or county attorney in obedience to an inquisitorial subpœna issued by such officer, all such property should be returned without unreasonable delay to its owner or to the witness producing the same, and the prosecuting officer has no right to withhold them.

2. SAME—*Only Documents and Papers Constituting Instrumentalities Used in Consummating Crime May Be Retained by the Prosecution.* When any document, letter, etc., produced under the circumstances outlined in syllabus 1 is not so returned but is withheld on the ground that it is in fact an instrumentality used in consummating the crime, and has thereby lost its character as property, the return of such document, letter, etc., will not be compelled as a matter of right by the issue of the discretionary writ of mandamus.

3. SAME. In memorandum opinion controlling facts stated, and writ of mandamus allowed with qualifications.

4. SAME—*Writ of Prohibition Denied.* The circumstances indicated in the memorandum opinion held not so singular and unusual as to justify the issue of the extraordinary writ of prohibition.

Original proceeding in mandamus and for writ of prohibition. Opinion filed May 10, 1922. Writ of mandamus allowed with qualifications; writ of prohibition denied.

T. F. Doran, J. S. Dean, Harry Colmery, all of Topeka, and S. D. Bishop, of Lawrence, for the plaintiffs.

Richard J. Hopkins, attorney-general, John G. Egan, Charles B. Griffith, assistant attorneys-general, and J. B. Wilson, county attorney, for the defendant.

This memorandum opinion of the court was delivered by

DAWSON, J.: This is an original proceeding in mandamus filed four days ago, in which the plaintiffs pray for a peremptory order directing the attorney-general to return forthwith to defendants certain letters, papers, telegrams, books, records and documents, belonging to the Poehler Mercantile Company, which the attorney-general took into his possession some two years ago, at a time when such property was produced for his examination in obedience to his subpœna, in an investigation being conducted by him touching certain violations of the antitrust law. All this property still remains in the attorney-general's hands and he has declined to return it. A criminal prosecution under the antitrust law is pending in the Douglas county district court against the two individual plaintiffs, set for trial to-morrow, and plaintiffs allege that the documents, books, papers, etc., are being unlawfully retained by the attorney-general for use as evidence in that criminal case. They further allege that they cannot prepare their defense until the attorney-general is compelled to surrender this property so that they may inspect the same and prepare their defense to any evidential matters contained therein to their prejudice.

This purpose to so use this property is virtually admitted by the attorney-general; but he contends that the matter is not controlled, or at least not fully controlled, by the decision of this court in The State v. Smithmeyer, 110 Kan. 172, 202 Pac. 638, because here at least some of the letters, documents, etc., which he retains are not merely evidence of the crime, but actually instrumentalities by which the unlawful combination in restraint of trade was effected, and that such parts of the documents, etc., which he retains have lost their character as property. The urgency of an immediate decision will not permit us to go into this subject in detail, nor to discuss the pertinent law at length, nor can this court, in mandamus, undertake to segregate what part of the plaintiff's property should

of right be returned, and what part, if any, may be merely instrumentalities of the alleged crime as to which plaintiffs can claim no property interest, nor should we in this summary proceeding consider the admissibility of any of the retained property as evidence in the criminal case.

But under the rule announced in *The State v. Smithmeyer*, supra, the attorney-general had no right to retain any property produced for his inspection under his inquisitorial subpœna, and so the order must be that he return forthwith to the plaintiff, the Theo. Poehler Mercantile Company, all its property in his hands, except such particular documents, etc., as he claims to be actual instrumentalities used in the commission of the crime or crimes for which the individual plaintiffs stand charged, and as to those retained by the attorney-general he is ordered forthwith to furnish to the plaintiffs copies of such alleged instrumentalities so that plaintiffs may be advised thereof and prepare their defense accordingly.

The plaintiffs also ask for an ancillary writ of prohibition directed to the district court, attorney-general, and county attorney, to enjoin them from proceeding with the criminal trial, and to direct that such trial be continued until the property involved herein is .returned to plaintiffs, and until they have an opportunity to examine the same and prepare their defense thereto. While the circumstances are unusual, the court does not deem the situation so singular and rare as to justify the use of so high and extraordinary a remedy as the writ of prohibition, and it is therefore denied. But the writ of mandamus for the immediate return of all the property to the plaintiff corporation is allowed, except as to that portion of it which may as actual instrumentalities of crime have lost its character as property, and as to all such instrumentalities retained by the attorney-general he is ordered forthwith, before proceeding to the trial in the criminal case in Douglas county against the individual plaintiffs, to furnish plaintiffs with copies of all documents, etc., so retained by him as such alleged instrumentalities.

MARSHALL, J. (dissenting) : I am of the opinion that there are no instrumentalities used in the commission of crime among the documents retained, and that all should be returned.

BURCH, J. (dissenting), is of the opinion that the writ of mandamus should be allowed without condition or exception.

PORTER, J., not sitting.